### FARMERS' STATE BANK OF RIVERTON vs. GENTLE et al.*
#### And four other cases.
(Nos. 1193-1197; March 2, 1926; 243 Pac. 596.)

CORPORATIONS—ENDORSEMENT OF CORPORATION NOTES—CONSIDERATION.

1. Where guaranty company, owning bank and two-thirds interest in ranch company, which was loaned money by bank, indorsed notes of ranch company, the loans being by and for benefit of guaranty company, the indorsements were authorized, the liability became fixed, and indorsements on renewal notes simply continued it in force.

2.  Where guaranty company, owning bank and two-thirds interest in ranch company, indorsed note of ranch company for money loaned it by the bank, and bank granted extension of time to ranch company, *held* there was a consideration for the indorsement.

*NOTE—See Headnotes (1) 14 a CJ p. 726 n. 32 (2) 8 CJ p. 256 n. 98 New; 14 a CJ p. 395 n. 98.

Appeal from District Court, Fremont County; Cyrus O. Brown, Judge.

Separate actions by the Farmers' State Bank of Riverton against Ray A. Gentle, Albert J. Johnson, Bernard J. Dugan, Arapahoe Ranch Company, Crescent C Cattle Company, joining the Investors' Guaranty Corporation in each case. From judgment for plaintiff in each case, Ray A. Gentle and the Investors' Guaranty Corporation appeal in the first case, and the Investors' Guaranty Corporation alone appeals in the remaining cases.

*E. H. Fourt, W. C. Mentzer, H. C. Brome* and *Joel F. Longenecker,* for appellants.

A new contract supercedes the original contract. Beckwith v. Sheldon, 131 Pac. 1049; Kromer v. Heim, 75 N. Y. 576; Dean v. Skiff, 128 Mass. 174. A new consideration is necessary to support a guaranty of a note after its delivery. 28 C. J. p. 919; Green v. Thornton, 49 N. C. 230. Ratification is the subsequent adoption and affirmance of a prior act performed without authority. Mechem on Agency, Sec. 347-8. It cannot create new liability. Proof of no consideration or failure of consideration may always be pleaded between the parties. State Bank v. Osborne (Ia.) 175 N. W. 964; Bank v. Robinson, 24 Me. 274. There could be no ratification without full knowledge of the facts. Corrigan v. Bobbs-Merrill (N. Y.) 10 A. L. R. 662; Brutnel v. Nygren, (Ariz.) 18 Fed. 713; Bank v. Rolleston (Colo.) 202 Pac. 115. Luikhart was one of the incorporators of the Guaranty Corporation and also principal owner of the stock in the plaintiff bank. It would be unfair to

permit a recovery on the endorsement made by Luikhart, since the bank had full knowledge that it was accommodation paper.   Gary v. Mining Co. (Utah), 91 Pac. 369.

*A. C. Allen* and *O. N. Gibson,* for respondent.

These are the last five of fifteen cases appealed by Investor's Guaranty Corporation, from judgment sustained against it by the Farmer's State Bank of Riverton.   In each of them, recovery was sought on endorsements of guaranty made by Luikhart, on behalf of the Guaranty Corporation.   The defense in each case was no consideration and endorsement made without authority of the corporation.   Legal principles controlling these transactions were settled in the Haun case.   The following authorities also apply.   15 R. C. L. 974.   The doctrine, res judicata, applies.   Okla. v. Tex., 256 U. S. 70; Hart Steel Co. v. Co., 37 S. Ct. 508; 23 Cyc. 1115; 4 C. J. 584; Keeley v. Mining Co., 169 Fed. 601.

BLUME, Justice.

The Farmers State Bank of Riverton, as plaintiff, commenced an action against Ray A. Gentle and the Investors Guaranty Corporation, as defendants, on a certain promissory note made by said Ray A. Gentle and endorsed by said Investors Guaranty Corporation.   Four other similar suits were commenced, in each of which the said Investors Guaranty Corporation was sought to be held as endorser and in which another, the principal maker of the note, was also made defendant.   Judgment was in each case rendered in favor of the bank, against the Investors Guaranty Corporation, as endorser, and against the maker of the note.   An appeal was in each case taken by the Investors Guaranty Corporation, and this opinion deals with these appeals.   All of the cases have been submitted together and may be disposed of in one opinion.

All of these cases belong to the same series of cases discussed in the case of Farmers State Bank v. Haun, 30

Wyo. 322, 222 Pac. 45, and in the opinion on rehearing in
31 Wyo. 201, 224 Pac. 856, where the general facts govern-
ing all of these cases are fully discussed, and it is unneces-
sary to do so here.   It appears from that case that the
appellant was in control of, and was substantially the
sole owner of, respondent bank up to June 9, 1921; that
E. H. Luikhart was in charge of the affairs of appellant
and at the same time managed the respondent bank; that
while he thus occupied a dominant position in both cor-
porations, he made various loans from time to time, some-
times in the name of the bank, sometimes in the name
of the appellant, and if in the name of the latter, he fre-
quently transferred the notes evidencing such loans to
the bank.   In either case the notes generally carried the
endorsement of the appellant, that endorsement being
placed thereon by Luikart, appellant's secretary.   On June
9, 1921, appellant sold the bank to Oscar Nicholson.   A
schedule B was attached to the contract evidencing the
sale, pursuant to which appellant guaranteed certain notes
enumerated therein.   The Haun case, supra, involved and
discussed not only the notes included in said schedule B,
but also other notes held by respondent bank and endorsed
by appellant, but not included in said schedule.   We held
in the Haun case that appellant was responsible on the
notes included in said schedule B.   The notes in four of
the cases at bar, namely those in which Gentle, Johnson,
Dugan and Crescent C Cattle Company were co-defend-
ants with appellant, are all included therein.   There are
no facts in these cases that would differentiate the notes
involved therein from the other notes included in schedule
B, discussed in the Haun case, and the judgments in these
cases must accordingly be affirmed.

The note involved in the remaining case, in which the
Arapahoe Ranch Company is a party, is one of the notes
that arose out of the same series of transactions that gov-
erned the notes discussed in the Haun case, other than
those included in schedule B.   It is similar in character to

the Waltz and Chisam notes mentioned in the Haun case.
We held in connection with these and other similar notes
that where a man occupies a dominant position in two cor-
porations, as did Luikart here, he must be fair to both
corporations; that he could not make a loan from the
funds of the bank, which was really for appellant's bene-
fit, unless such loan was amply secured; that in case he,
as manager of the bank, made such loan from the funds
of the bank to a party, to whom he was authorized to make.
a loan as manager of appellant, his authority to endorse or
guarantee its payment on behalf of appellant might be in-
ferred under the evidence in the case; and that the real
question on which the appellant's responsibility depended
was: For whose benefit was the loan really made?

All of the general evidence relating to the Waltz and
Chisam notes above mentioned is applicable to the Arapa-
hoe Ranch Company note. The special facts that relate
to the latter note are about as follows: The note in suit,
dated January 30, 1922, due in ninety days thereafter,
was given to Oscar Nicholson for the benefit of the bank,
and is endorsed on behalf of appellant by H. W. Kingery,
as president, and Oscar Rohlff, as secretary, who were
also respectively the president and secretary of the Arapa-
hoe Ranch Company. The note was given in renewal of
two other notes of $3500 and $1500 respectively, given in
October, 1921, the former of which was endorsed on behalf
of appellant by H. W. Kingery, as president. These two
notes in turn were renewals of other notes given previous-
ly, the indebtedness on the $3500 note originating in 1919,
and that on the $1500 note in January, 1921. The $3500
note was first endorsed on behalf of appellant by E. H.
Luikart, on December 29, 1920, when a renewal of the note
was executed, and which was previous to the time that the
bank was sold to Nicholson. The $1500 note was never
endorsed.

The evidence shows that in 1919 a two-thirds interest in
the Arapahoe ranch was owned by appellant. Somewhat

later the Arapahoe Ranch Company was organized to take over this ranch and two-thirds of the capital stock in that company was owned by and issued to, appellant. Luikart testified that appellant managed and financed this ranch in the same manner as it did a number of other ranches in which appellant was interested. It is apparent, therefore, that, as in the case of the Waltz and Chisam notes above mentioned, the court was authorized to find, as it evidently did, that the loans to the Arapahoe Ranch Company were really made by, and for the benefit of, appellant, and that appellant's endorsement on the note of $3500 made on December 29, 1920, should be held to have been duly authorized. The liability thereon, accordingly, became fixed, at least as of that time, and the endorsements on the renewals of this indebtedness simply continued in force a liability already existing, and must be held binding on appellant.

The only question remaining, accordingly, is as to the indebtedness represented by the $1500 note, which was never endorsed by appellant until the amount thereof was included in the note of $5,000 sued on herein. It is claimed that there is no consideration for the endorsement. But that claim cannot be sustained. The note granted an extension of time for the payment of the indebtedness evidenced thereby. And the benefit from such extension did not merely accrue to the maker of the note, but accrued to the appellant as well, owning as it did two-thirds of the stock of the Arapahoe Ranch Company. Such extension of time for payment was a sufficient consideration for the endorsement on the note. The claim is further made that there was no authority for the execution of the endorsement. We have not been able to find any direct testimony to the effect that no such authority existed. Under the by-laws of appellant, the president and secretary were the proper parties to make the endorsement, and it is executed in the usual manner in which such endorsements are executed on behalf of a corporation. Kingery, in fact alone,

had, as shown by the record, made endorsements on other notes for the benefit of the bank, and he appears to have been the man who, at that time, attended to, and acted for and in behalf of the appellant in, all matters in which appellant was interested. The trial court, as stated before, evidently held that the loan was originally made for appellant's benefit, and we think the evidence in the case was sufficient to justify that holding. Further, appellant was interested in the extension granted to the Arapahoe Ranch Company at the time when the note in suit was executed, and we accordingly think, that in the absence, at least of direct testimony to the contrary, we should infer from the circumstances shown in the case, that the president and secretary of appellant were authorized to execute the endorsement of appellant and that it is binding upon it as to the indebtedness previously represented by the $1500 note, as well as the indebtedness previously represented by the $3500 note. 10 Cyc. 1003, 14a C. J. 394, 395.

The judgments in all of the cases must, accordingly, be affirmed. It is so ordered.

*Affirmed.*

POTTER, C. J., and KIMBALL, J., concur.